Joseph WHEELER, et al., Plaintiffs-Appellants Cross Appellees,

v.

CITY OF PLEASANT GROVE, a municipal corp., et al., Defendants-Appellees Cross Appellants.

No. 80–7306.

United States Court of Appeals,
Fifth Circuit.*
Unit B

Dec. 18, 1981.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Corretti, Newsom & Rogers, Donald H. Brockway, Jr., Douglas Corretti, Birmingham, Ala., for plaintiffs-appellants cross-appellees.

Cooper, Mitch & Crawford, Thomas N. Crawford, Jr., Birmingham, Ala., for defendants-appellees cross-appellants.

Before TJOFLAT, HATCHETT and THOMAS A. CLARK, Circuit Judges.

THOMAS A. CLARK, Circuit Judge:

This action was brought under 42 U.S.C. §§ 1983, 1985, 28 U.S.C. §§ 2201–2202, and the fourteenth amendment of the United States Constitution. The plaintiffs sought declaratory, injunctive, and equitable relief as well as money damages from the City of Pleasant Grove and certain of its officers. The district court granted injunctive relief and attorney's fees to the plaintiffs, but denied any monetary damages. We affirm the district court's opinion, except that part dealing with the plaintiff's claim for damages. We reverse the court below on that issue and remand for further proceedings not inconsistent with this opinion.

The plaintiffs were granted a permit to build an apartment complex in Pleasant Grove, Alabama on August 8, 1978. This permit was issued under city Ordinance no. 177. The apartments were to be built on a parcel that had been recently purchased by the plaintiffs and had been zoned in classification B–2. In reliance on the permit, the plaintiffs initiated preparatory work.

The news of the construction of the apartment complex caused an uproar in Pleasant Grove. A referendum was held, which showed an overwhelming resistance to the proposed apartment complex. The upshot of this referendum was the passage of a new city Ordinance, no. 216, which forbade the construction of new apartments. The city then prohibited the plaintiffs from proceeding with the construction.

The district court held that the implementation of city Ordinance no. 216 was arbitrary and capricious, and was specifically intended to prevent the plaintiffs from exercising their building permit. As applied to the plaintiffs, Ordinance no. 216 was found to be a confiscatory measure and violative of the plaintiffs' fourteenth amendment rights to due process. Further, the ordinance bore no substantial relationship to legitimate concerns for health, safety, welfare, or the general well-being of the community. We agree.

This court perceives the enactment of Ordinance no. 216 to be a bald attempt to revoke an already authorized building permit. Findings by the trial court indicate that this action was a confiscatory measure. Under *Maher v. City of New Orleans*, 516 F.2d 1051, 1065, *rehearing denied*, 521 F.2d 815 (5th Cir. 1975), *cert. denied*, 426 U.S. 905, 96 S.Ct. 2225, 48 L.Ed.2d 830, if a regulatory undertaking is confiscatory in nature, it is a taking. Further, the city's purpose in enacting the measure was not rational. A developer has its right to be free of arbitrary or irrational zoning standards. *Arlington Heights v. Metropolitan Housing Development*, 429 U.S. 252, 263, 97 S.Ct. 555, 562, 50 L.Ed.2d 772 (1977). Additionally, if a zoning ordinance is "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare," it must be struck down, *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395, 47 S.Ct. 114, 121, 71 L.Ed. 303 (1926). Given the findings of the court below, the application of city Ordinance no. 216 to the plaintiffs was unconstitutional.

The defendant claims that under the zoning ordinance in effect at the time the permit was issued (city Ordinance no. 177), the permit to construct the apartments should not have been granted. The ordinance in question was unclear on its face as to whether apartment complexes could be built in areas zoned as B–2. The court below considered the evidence on the issue and ruled that the proper interpretation of Ordinance no. 177 allowed the use of the

tract in question for apartment complexes. We see no reason to disturb this finding under the clearly erroneous rule. Our review of the ordinance leads us to the same interpretation with respect to the permitted use of the tract for apartments in light of the evidence presented. Therefore, the plaintiffs had a legitimate permit under Ordinance no. 177.

The only remaining issue is that of damages. The district court held that the defendants in this action were shielded by the defense of a qualified immunity as set forth in *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). This conclusion of the district court was reached without the benefit of the recently decided case of *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). In *Owen*, which came down at approximately the same time as the district court opinion, the Supreme Court distinguished the *Scheuer* case. It specifically stated that municipalities have no immunity in § 1983 actions, and that good faith does not serve as a defense to liability.[1] We therefore reverse the district court's conclusion of law on this issue and remand for a determination of damages sustained by the plaintiffs.

AFFIRMED IN PART, IN PART REVERSED AND REMANDED.

---

1.  445 U.S. at 638, 651, 100 S.Ct. at 1409, 1415 (1980). However, it should be noted that under *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975) and *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) it appears that the city officials do have a "good faith" defense in § 1983 actions.

\* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.