746 F.2d 1437
 Joseph WHEELER, Clarice Wheeler, Cliff Development
Corporation, and S & S Builders, Inc., an Alabama
Corporation, Plaintiffs-Appellants,
v.
CITY OF PLEASANT GROVE, a municipal corp., Bobby Patrick, as
Mayor of the City of Pleasant Grove, Hollis H. Cain, as
Chairman of the City Council of Pleasant Grove, Edward C.
Capps, Joseph A. Cooper, Donald R. Morrison, and Milton C.
Russell, as members of the City Council of the City of
Pleasant Grove, and James E. Medlock as Building Inspection
Officer of the City of Pleasant Grove, Defendants-Appellees.
 No. 84-7299
 
 Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Nov. 13, 1984.
 Donald H. Brockway, Jr., Corretti & Newsom, Birmingham, Ala., for plaintiffs-appellants.
 Thomas N. Crawford, Jr., Birmingham, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before RONEY, FAY and JOHNSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal marks the second occasion an appellate court has been called upon to review the district court's unwillingness to award damages to the plaintiffs. In 1978, plaintiffs, pursuant to 42 U.S.C. Secs. 1983 & 1985, 28 U.S.C. Secs. 2201-2202, and the fourteenth amendment, brought this action against the City of Pleasant Grove and various of its officials. Plaintiffs essentially alleged that actions of the defendants deprived them of property without due process of law. The district court found in favor of the plaintiffs, and granted equitable relief. It did not award damages, however, believing that all defendants had established the qualified immunity defense. On appeal, a panel of the former Fifth Circuit affirmed the district court's finding of liability, but reversed that part of the judgment denying damages. Wheeler v. City of Pleasant Grove, 664 F.2d 99 (5th Cir.1981), cert. denied, 456 U.S. 973, 102 S.Ct. 2236, 72 L.Ed.2d 847 (1982). The district court on remand again declined to award damages. We reverse.
 
 PROCEDURAL BACKGROUND
 
 2
 Plaintiffs, Cliff Development Corp. and S & S Builders, Inc., contracted with plaintiffs Joseph and Clarice Wheeler to purchase a parcel of land located in Pleasant Grove, Alabama, to be used as the site of the first apartment complex in the city. Plans of the complex were submitted to the City Planning Commission as was an application for a building permit. The plans were approved, and a building permit was issued since the proposed land use was found to comply with the applicable zoning ordinances, particularly Ordinance no. 177. The plaintiffs then commenced preparatory work.
 
 
 3
 Residents of Pleasant Grove were outraged by the prospect of an apartment complex in their community. A referendum was held which demonstrated massive community opposition to the project. Appeals were then taken from the issuance of the building permit, which had the effect of staying all proceedings. City council thereafter adopted Ordinance no. 216, which outlawed all apartment construction in Pleasant Grove.
 
 
 4
 Plaintiffs brought suit in the district court, seeking damages, injunctive and declaratory relief. The district court examined the city's zoning scheme and found that the building permit was validly issued, despite the internal inconsistencies present in the zoning ordinances regarding the permissibility of the land use in dispute. The court further found that Ordinance no. 216 was specifically aimed at plaintiffs to prevent their use of the valid building permit. The court concluded that the ordinance was a confiscatory measure, arbitrarily and capriciously implemented, bearing no substantial relationship to any legitimate police power interest, and violative of plaintiffs' fourteenth amendment rights to due process. The district court enjoined the enforcement of Ordinance no. 216 against the plaintiffs, but did not award them damages. Relying on Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), the court ultimately[1] ruled that all defendants were shielded from monetary liability by the qualified immunity defense.
 
 
 5
 On appeal, a panel of the former Fifth Circuit affirmed the district court in all respects, save its ruling on the damages issue. Wheeler, 664 F.2d 99. The panel agreed with the district court that the plaintiffs were issued and commenced construction in reliance upon a valid building permit. With respect to Ordinance no. 216, the Wheeler court concluded:
 
 
 6
 This court perceives the enactment of Ordinance no. 216 to be a bald attempt to revoke an already authorized building permit. Findings by the trial court indicate that this action was a confiscatory measure. Under Maher v. City of New Orleans, 516 F.2d 1051, 1065, rehearing denied, 521 F.2d 815 (5th Cir.1975), cert. denied, 426 U.S. 905, 96 S.Ct. 2225, 48 L.Ed.2d 830 [1976], if a regulatory undertaking is confiscatory in nature, it is a taking. Further, the city's purpose in enacting the measure was not rational. A developer has its right to be free of arbitrary or irrational zoning standards. Arlington Heights v. Metropolitan Housing Development, 429 U.S. 252, 263, 97 S.Ct. 555, 562, 50 L.Ed.2d 450 (1977). Additionally, if a zoning ordinance is "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare," it must be struck down, Euclid v. Ambler Realty Co., 272 U.S. 365, 395, 47 S.Ct. 114, 121, 71 L.Ed. 303 (1926). Given the findings of the court below, the application of city Ordinance no. 216 to the plaintiffs was unconstitutional.
 
 
 7
 664 F.2d at 100. Concluding that municipalities may not use the good faith defense in a Sec. 1983 action, the court reversed and remanded on the damages issue.
 
 
 8
 On remand, the district court, without the benefit of a hearing, again ruled against plaintiffs on the matter of damages. The reasoning it employed to reach this result can be summarized as follows: (1) Ordinance no. 216, though unconstitutional if applied to plaintiffs, did not proximately cause any compensable injury; (2) the only possible basis for a damage claim stemmed from defendants' misinterpretation of Ordinance no. 177; (3) the court's decision that Ordinance no. 177 allowed construction of an apartment complex on the land in question was based exclusively on state law; (4) the city was shielded from monetary liability on this state law claim by state law defenses; and (5) in any event, plaintiffs incurred no damages as a result of defendants' erroneous interpretation of Ordinance no. 177.LAW OF THE CASE
 
 
 9
 Plaintiffs argue here that on remand the district court entered new findings of fact and conclusions of law which are inconsistent with the Wheeler decision. They assert that in so doing, the district court circumvented the law of the case and exceeded the mandate which issued from that decision. We agree.[2]
 
 
 10
 The law of the case doctrine has been termed "an amorphous concept." Arizona v. California, 460 U.S. 605, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). This court has, however, delineated its general contours. In United States v. Robinson, 690 F.2d 869 (11th Cir.1982), we stated:
 
 
 11
 Under the law of the case doctrine, both the district court and the court of appeals generally are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case.... However, the law of the case doctrine does not apply to bar reconsideration of an issue when (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.
 
 
 12
 Id. at 872 (citations omitted); see Dorsey v. Continental Casualty Co., 730 F.2d 675, 678 & n. 2 (11th Cir.1984); Baumer v. United States, 685 F.2d 1318, 1320-21 (11th Cir.1982). Further, while the doctrine encompasses only those issues previously determined, Quern v. Jordan, 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 1148 n. 18, 59 L.Ed.2d 358 (1979), the law is clear that it " 'comprehends things decided by necessary implication as well as those decided explicitly.' " Dickinson v. Auto Center Manufacturing Co., 733 F.2d 1092, 1098 (5th Cir.1983) (emphasis in original) (quoting Carpa, Inc. v. Ward Foods, Inc., 567 F.2d 1316, 1320 (5th Cir.1978), overruled on other grounds, Copper Liquor, Inc. v. Adolph Coors Co., 701 F.2d 542 (5th Cir.1983)); see Maggard v. O'Connell, 703 F.2d 1284, 1289 (D.C.Cir.1983); Fogel v. Chestnutt, 668 F.2d 100, 108 (2d Cir.1981). The doctrine's purpose is to bring an end to litigation. See United States v. Williams, 728 F.2d 1402, 1406 (11th Cir.1984); Robinson v. Parrish, 720 F.2d 1548, 1550 (11th Cir.1983). It also "protects against the agitation of settled issues and assures obedience of lower courts to the decisions of appellate courts." Williams, 728 F.2d at 1406. With these principles in mind, we conclude that the district court exceeded its authority on remand since its opinion was inconsistent with the Wheeler opinion and disregarded the law of the case established therein.
 
 
 13
 Wheeler expressly decided that: (1) plaintiffs began construction of the apartment complex armed with a validly issued building permit; (2) the defendants, in response to community pressure, attempted to revoke this legitimate permit with Ordinance no. 216; (3) this ordinance, directed specifically against plaintiffs' exercise of the right to continue construction, constituted an unconstitutional taking; and (4) Ordinance no. 216 was unconstitutional as applied to plaintiffs since it was an arbitrary and unreasonable zoning ordinance, adopted for an irrational reason. Wheeler, 664 F.2d at 100-01. Noting that the district court denied plaintiffs' claim for damages, the Wheeler court "reverse[d] ... on that issue and remand[ed] for further proceedings not inconsistent with [its] opinion." Id. at 100 (emphasis added). Addressing the district court's qualified immunity holding, the court concluded its opinion by stating, "We ... reverse the district court's conclusion of law on this issue and remand for a determination of damages sustained by plaintiffs." Id. at 101.
 
 
 14
 After carefully examining the Wheeler opinion, it is clear to us that the district court improperly engaged in a de novo determination of the damage issue. The Wheeler court affirmed the district court's finding of liability. We conclude that it also, if not explicitly, at least by necessary implication, decided that the unconstitutional conduct upon which that finding was predicated had damaged plaintiffs. We find it hard to believe that a court which expressly found that plaintiffs' property had been taken unconstitutionally, which expressly reversed that segment of the district court's opinion "dealing with the plaintiff's [sic] claim for damages," id. at 100, and which expressly remanded the case "for a determination of damages sustained by the plaintiffs," id. at 106, somehow failed to decide whether or not plaintiffs were entitled to damages under Sec. 1983. The only question remaining on remand was the amount of damages sustained by the plaintiffs.
 
 
 15
 We also see no reason not to apply the law of the case doctrine to this case. Since no hearing was held on remand, the only substantive addition to the record since the last appeal is the district court's opinion. We do not regard this as the equivalent of "a subsequent trial [which] produce[d] substantially different evidence." Robinson, 690 F.2d at 872. Nor have we discovered any change of law which would cause us to depart from the law of the case as established in Wheeler. In addition, after closely examining the record before the Wheeler court, the Wheeler opinion itself, and the district court's opinion on remand, we are unable to hold that the law of this case, or, for that matter, any of its factual underpinnings, are clearly erroneous and will work manifest injustice if not reconsidered.
 
 
 16
 The judgment of the district court is REVERSED, and this case is REMANDED to the district court for a determination of the amount of damages plaintiffs sustained.
 
 
 
 [1]
 The district court originally acknowledged that the city could be held liable for damages. It refused to award any, however, finding that increased rental income would offset increased construction costs resulting from the delay in completing the apartment complex. Record, Vol. 1 at 179. Thereafter, in response to plaintiffs' motion to reconsider the issue of damages, the district court filed a memorandum opinion detailing the defendants' reasonable, albeit mistaken, belief that the building permit should not have been granted. Id. at 204-10. It therefore concluded that all defendants were shielded from monetary liability by the qualified immunity defense. Id. at 209. The district court noted, however, that absent this defense, "it would probably be necessary to grant damages to the plaintiffs." Id
 
 
 [2]
 On remand a district court is not free to deviate from the appellate court's mandate. See Seese v. Volkswagenwerk, A.G., 679 F.2d 336, 337 (3d Cir.1982); Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc., 669 F.2d 490, 493 (7th Cir.), cert. denied, 459 U.S. 943, 103 S.Ct. 257, 74 L.Ed.2d 201 (1982); City of Cleveland v. Federal Power Comm'n, 561 F.2d 344, 346 (D.C.Cir.1977). See generally, 1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice p 0.404 (2d ed. 1983) (discussion of relationship between appellate court's opinion as law of the case and mandate rule). To determine the scope of the mandate, it is appropriate, indeed often necessary, to look to the court of appeals' opinion. See City of Cleveland, 561 F.2d at 346-47. Since the judgment in Wheeler which issued as the mandate expressly incorporated the appellate court's opinion, Record, Vol. 1 at 227, we employ a single analysis in addressing plaintiffs' law of the case and mandate rule arguments. See City of Cleveland, 561 F.2d at 347 n. 25