**KERLEY INDUSTRIES, INC., a Delaware Corporation; and Kerley Mining Chemical, Inc., an Arizona Corporation, Plaintiffs-Appellants,**

v.

**PIMA COUNTY, a political subdivision of the State of Arizona; et al., Defendants-Appellees.**

No. 85–1910.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 1986.

Decided April 3, 1986.

Steven Weatherspoon, Chandler, Tullar, Udall & Redhair, Tucson, Ariz., for plaintiffs-appellants.

Richard M. Rollman, Jones, Dickerman, Nuckolls, Edward & Smith, P.C., Tucson, Ariz., for defendants-appellees.

Before SNEED and KOZINSKI, Circuit Judges, and SOLOMON, Senior District Judge.[*]

KOZINSKI, Circuit Judge.

## I.

Kerley Industries owns and operates a chemical plant in Pima County, Arizona. In October 1982, it obtained from the Pima County Air Quality Control District a permit to install facilities that would enable it to manufacture a chemical reagent known as KI–200. The new facilities were installed and Kerley began testing them in early 1984. On August 23, 1984, Kerley applied for an operating permit. Although an operating permit was denied on the ground that the facility could not function in compliance with prevailing air quality standards, the District issued a conditional permit to Kerley, allowing it to operate for 30 days, beginning on December 1, 1984. Kerley intended to use this period to demonstrate that its plant could comply with air quality standards, thereby securing the right to a permanent operating permit.

On November 1, 1984, the Chief Zoning Inspector of Pima County notified Kerley that its plant violated the County's zoning ordinance. The Chief Inspector advised Kerley that it had to apply for rezoning within thirty days to avoid prosecution. Kerley appealed the Chief Inspector's determination to the Pima County Board of Adjustment.

On November 26, while the zoning appeal was pending, the Chief Zoning Inspector advised the District of the zoning violation. The Chief Inspector also noted that, pursuant to section 2802 of the Pima County Zoning Ordinance, the District was not authorized to issue a permit for a use that violated the zoning ordinance and that any such permit would be null and void. On November 28, 1984, two days before Kerley's conditional use permit became operative, the District's Deputy Air Quality Control Officer wrote Kerley advising it of the Chief Zoning Inspector's determination. He concluded that "the conditional permit issued to you by the Pima County Air Quality Hearing Board on October 25, 1984 is null and void."

In response to this letter, Kerley shut down its KI–200 facility without beginning the thirty day demonstration, and never obtained a permit to operate on a permanent basis. The facility has not reopened.

## II.

Kerley brought suit under 42 U.S.C. § 1983, against Pima County, the Air Quality Control Board, and several county employees individually and in their official capacity. Kerley claims that defendants violated its constitutional rights by depriving it of property without due process. Specifically, Kerley alleges that it had a property right in its conditional operating permit and that it could not be deprived of that permit without prior notice and hearing. Kerley further claims that the November 28 letter from the Deputy Air Qual-

[*] Hon. Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

ity Control Officer had the effect of terminating its permit without such prior notice and without opportunity to rebut the charge that it had violated the zoning ordinance. It alleges damages in the amount of $15 million as a result of the shutdown of its facility, which it blames entirely on this letter.

The district court granted the defendants' motion for summary judgment. Kerley appeals. We review the district court's grant of summary judgment de novo. *Callahan v. Woods*, 736 F.2d 1269, 1272 (9th Cir.1984).

### III.

■ Property rights do not arise from simple wants and desires; they must be based on legitimate claims of entitlement. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Property rights are created "and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law— rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.*

■ Arizona law provides for the issuance of conditional permits, such as the one Kerley received, Ariz.Rev.Stat.Ann. § 36–784 (1974); it contains detailed provisions for their suspension and revocation. Ariz.Rev. Stat.Ann. § 36–784.04 (1974). This body of law endowed appellant with a sufficient claim of entitlement to its conditional use permit and the operation of its plant to establish a property right and to trigger the constitutional requirement of due process. *See Scott v. Greenville County*, 716 F.2d 1409, 1417–19 (4th Cir.1983) (apartment developer has a property right in receiving a building permit under zoning in effect at the time of application).

Having granted appellant a permit to operate its plant, the county could not take it away arbitrarily, *Wheeler v. City of Pleasant Grove*, 664 F.2d 99 (5th Cir.1981), *cert. denied*, 456 U.S. 973, 102 S.Ct. 2236, 72 L.Ed.2d 847 (1982), for improper reasons, or without appropriate procedural safeguards. *Roth*, 408 U.S. at 569–572, 92 S.Ct. at 2705–2706. The fact that plaintiff's operation might have violated the county's zoning ordinance does not render its interest in the permit any less deserving of constitutional protection. The violation was not conclusively established by the Chief Zoning Inspector's determination. The permit could not be revoked without giving Kerley an opportunity to prove the Zoning Inspector wrong.

### IV.

■ While plaintiff had a sufficient property interest to invoke procedural due process protections, it has suffered no deprivation. The *only* act defendant cites in support of its contention that it was deprived of property without due process is the November 28, 1984, letter from the Deputy Air Quality Inspector informing it that the permit was "null and void." However, as the record reflects and as appellant's counsel conceded, the Deputy Air Quality Control Officer lacked the authority to revoke the permit; the Board alone could do so. Ariz.Rev.Stat.Ann. § 36–784.04 (1974). Therefore, Kerley was entitled to begin operating under its permit on December 1, 1984. Kerley's mistaken belief that the Deputy Air Quality Control Officer's letter constituted an annulment of its permit does not give that letter operative legal effect and therefore cannot constitute the basis of a claim of deprivation of property without due process.

### V.

While we affirm the judgment of the district court, Kerley's appeal was not "groundless or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (per curiam). We therefore deny appellees' motion for attorney fees pursuant to 42 U.S.C. § 1988.

AFFIRMED