Thomas R. **HYNES**, Plaintiff-Appellant,

v.

**PASCO COUNTY, FLORIDA, a political subdivision of the State of Florida,** Defendant-Appellee.

No. 86–3005.

United States Court of Appeals, Eleventh Circuit.

Oct. 14, 1986.

Jack B. McPherson, New Port Richey, Fla., for plaintiff-appellant.

C. Bryant Boydstun, Jr., St. Petersburg, Fla., for defendant-appellee.

Before RONEY, Chief Judge, GODBOLD, Circuit Judge and ATKINS * Senior District Judge.

PER CURIAM:

In June 1985 appellant applied for a building permit in Pasco County, Florida, to construct a 14–pen kennel for his dogs. Hynes' property was in an area zoned "Estate-Residential." The permit was issued on July 26. Shortly thereafter a neighbor complained to county officials that the permitted structure would violate the county's zoning ordinance. On August 1 a county zoning administrator responded in a letter to the neighbor that Hynes' use complied with the ordinance. The same day the neighbor filed an appeal with the Board of Zoning Adjustments, which held a hearing on September 25 and ordered the permit revoked on September 27.

Hynes brought this action in federal district court alleging a violation of 42 U.S.C. § 1983. The district court dismissed the claim for failure to state a cause of action. We affirm. Petitioner has attempted to raise to constitutional level the normal operation of a zoning system.

This case is unlike *Southern Co-Operative Development Fund v. Driggers*, 696 F.2d 1347 (11th Cir.1983), which held that it was a violation of due process for a county commission to deny the subdivision plan application of a landowner who had complied with all the requirements of the county's subdivision regulations. Here, the Board of Zoning Adjustments acted in conformity with its state law authority to review the administrator's decision on Hynes' compliance with the zoning ordinance. *See* Fla.Stat. § 163.230 (providing for Board review of any "order, requirement, decision or determination made by an administrative official in the enforcement of any zoning ordinance"); *id.* § 163.235 (appeal must be taken within 30 days of the challenged action of the administrative official).

*Wheeler v. City of Pleasant Grove*, 664 F.2d 99 (5th Cir. Unit B 1981), is also inapposite. In *Wheeler* the plaintiffs obtained a building permit for an apartment complex, which was a permitted use under the relevant zoning ordinance. In response to community objections, the city council passed a new ordinance prohibiting the construction of new apartments. The court held that this ordinance was "a bald attempt to revoke an already authorized building permit" and "a confiscatory measure." *Id.* at 100. The instant case does not involve a similar after-the-fact changing of an ordinance, but rather a new interpretation of an ordinance pursuant to a valid appeal.

Hynes has suffered no constitutionally prohibited deprivation of property without due process. The federal courts will not sit as a zoning review board. Challenges to the county's action are the province of the state courts.

AFFIRMED.

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.