896 F.2d 1347
 Joseph WHEELER, Clarice Wheeler, Cliff Development
Corporation, Plaintiffs-Appellants,
S & S Builders, etc., Plaintiff,
v.
CITY OF PLEASANT GROVE, a municipal corporation, Defendant-Appellee,
Bobby Patrick, etc., et al., Defendants.
 No. 89-7421.
 United States Court of Appeals,
Eleventh Circuit.
 March 22, 1990.
As Amended April 16, 1990.
 
 Donald H. Brockway, Jr., Corretti & Newsom, Birmingham, Ala., for plaintiffs-appellants.
 Jon Terry, Bains & Terry, Bessemer, Ala., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before FAY and COX, Circuit Judges, and ESCHBACH*, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This appeal comes as a sequel to what we had hoped was a concluded trilogy of opinions instructing the district court on how to handle this case on remand. Over eleven years ago, the City of Pleasant Grove (City) withdrew a permit it had granted appellants a month earlier to build an apartment complex because of public outcry against the development. Shortly thereafter, the City passed Ordinance No. 216 forbidding the construction of new apartments. Appellants sued. The district court found that the ordinance served no purpose save to deprive appellants of the right to exercise their building permit, that the ordinance was confiscatory, and that it violated appellants' fourteenth amendment right to due process. The district court enjoined the City from enforcing the ordinance against appellants but refused to award any damages. On appeal, this court affirmed the district court's findings and the injunction; we remanded for a determination of damages. This court entered two subsequent opinions because the district court consistently failed to award to some or all of appellants any compensation for the City's unconstitutional taking of their property. In response to the last opinion, the district court again ordered that appellants recover nothing from the City. To forestall the possibility of writing the script for Wheeler V we REVERSE the judgment of the district court, and order the entry of a damage award of $59,841.23 plus interest, costs and fees to appellants.
 
 
 2
 * In its initial opinion, the district court denied damages to appellants, holding that the City was protected by qualified immunity. This court reversed the district court in Wheeler v. City of Pleasant Grove, 664 F.2d 99 (5th Cir. Unit B Dec. 1981), cert. denied, 456 U.S. 973, 102 S.Ct. 2236, 72 L.Ed.2d 847 (1982) (Wheeler I ), under the authority of Owen v. City of Independence, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), in which the Supreme Court held that municipalities cannot claim good faith or qualified immunity as a defense in section 1983 actions. This court returned the case to the district court for that court to determine the damages appellants had sustained.
 
 
 3
 On remand, the district court ruled that whatever damages appellants might have suffered did not arise from the unconstitutional enactment of Ordinance No. 216 but rather from the prior withdrawal of the building permit under the City's misinterpretation of Ordinance No. 177. As the erroneous enforcement of No. 177 did not constitute an unconstitutional taking warranting compensation under the fifth and fourteenth amendments and since appellants had not requested monetary damages for the enforcement of No. 177, the district court held that appellants could receive no additional relief from the court. In its second opinion, Wheeler v. City of Pleasant Grove, 746 F.2d 1437 (11th Cir.1984) (per curiam) (Wheeler II ), this court found that the district court had misunderstood the mandate of Wheeler I and had engaged in a complete redetermination of the damages issue that violated the law of the case. This court held that the Wheeler I court had not only affirmed the district court's finding of liability but had concluded that the City's unconstitutional actions had caused appellants damage. The only question remaining was the amount of damages appellants suffered. This court again remanded the case to the district court solely to ascertain the amount of damages.
 
 
 4
 The district court conducted a hearing on the issue of damages. At the end of the hearing, the court concluded that while appellant Cliff Development Corporation had demonstrated damages totalling $206,730.35 in increased costs of construction and temporary financing, appellants Wheelers had sustained no damages because they retained their real estate throughout the period of taking, when they could have sold it, and the property had appreciated in value in the interim. On appeal, this court endeavored yet again to clarify the task of calculating the compensation due. Noting the Supreme Court's approval of compensation for temporary regulatory takings in First English Evangelical Lutheran Church v. County of Los Angeles, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987) (First Lutheran ), this court utilized the temporary taking compensation formula detailed in Nemmers v. City of Dubuque, 764 F.2d 502 (8th Cir.1985). Wheeler v. City of Pleasant Grove, 833 F.2d 267 (11th Cir.1987) (Wheeler III ), instructed the district court to award "the market rate return computed over the period of the temporary taking on the difference between the property's fair market value without the regulatory restriction and its fair market value with the restriction." Id. at 271. This court further directed the district court to calculate the damages as a whole, rather than treating the case as one "involving two separate compensable injuries," and to allocate the total between appellants according to the relative interest of each in the property. Id.
 
 
 5
 The district court reexamined the testimony of three experts in the initial trial held in July 1979. Two of the experts stated that the value of the real estate, even with the restriction of Ordinance No. 216, had appreciated between the time No. 216 had been enacted and when the court enjoined enforcement of the ordinance. The third expert testified that the highest and best use for that particular piece of land was commercial. The court decided that, as the value of the property had increased despite the ordinance and since the ordinance had not destroyed the highest and best use of the land, "the fair market value of the Pleasant Grove property was not diminished by the enactment of Ordinance No. 216." R1-113-7 (Memorandum Opinion, May 31, 1989). The district court ordered that appellants recover nothing from the City.
 
 II
 
 6
 We review the district court's factual findings for clear error, while independently evaluating its legal conclusions. Fed.R.Civ.P. 52(a); Pullman-Standard v. Swint, 456 U.S. 273, 287, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982).
 
 III
 
 7
 The three Wheeler opinions constitute the law that governs this case. The district court is obliged to abide by the mandate of the appellate court, and both the district court and we are bound by the findings of fact and conclusions of law made by this court in the previous Wheeler appeals. Barber v. International Bhd. of Boilermakers, 841 F.2d 1067, 1070-71, 1072 (11th Cir.1988); Litman v. Massachusetts Mut. Life. Ins. Co., 825 F.2d 1506, 1510-12 (11th Cir.1987), cert. denied, 484 U.S. 1006, 108 S.Ct. 700, 98 L.Ed.2d 652 (1988); United States v. Robinson, 690 F.2d 869, 872 (11th Cir.1982). While a district court may not circumvent an appellate mandate by "approaching the identical legal issue under an entirely new theory," Barber, 841 F.2d at 1070-71, the district court may reconsider an issue when "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Robinson, 690 F.2d at 872.
 
 
 8
 It would appear that the district court ignored the law of the case expressed in Wheeler I and clarified by Wheeler II, which presumed that appellants had been damaged by the City's unconstitutional enactment of Ordinance No. 216 and remanded solely for the determination of the precise amount of damages due to appellants. The district court explained its decision as falling under the second exception to the law of the case doctrine. Specifically, the district court stated that "the Supreme Court radically changed applicable law in First Lutheran, and the Eleventh Circuit, in applying said decision, adopted a new measure of damages that results in no award of damages when applied to the facts of the present case." R1-113-11. We find that the district court misinterpreted the import of First Lutheran and misapplied the Wheeler III formula for calculating damages to arrive at an erroneous conclusion.
 
 
 9
 First Lutheran did not "ma[k]e a contrary decision of law applicable to" the issue of temporary takings. Robinson, 690 F.2d at 872. As this court noted in Wheeler III, "[t]he Supreme Court ... has since affirmed our position in Wheeler I and Wheeler II by holding that the Constitution requires compensation for a temporary regulatory taking." 883 F.2d at 270. Thus First Lutheran provides no basis for the district court to disregard the law of the case.
 
 
 10
 The unconstitutional taking which this court found compensable was not a denial of all use of the Pleasant Grove property, as the district court's computation of damages would imply. The City confiscated appellants' right to construct an apartment complex previously authorized by the City. See Wheeler II, 746 F.2d at 1440; Wheeler I, 664 F.2d at 100. The district court probably correctly determined that the fair market value of the land on which the apartments were to be built did not decline as a result of Ordinance No. 216. The district court did not address, however, the difference in the fair market value of appellants' right to develop their project when they received their building permit and the fair market value of what remained after the City's actions against appellants. We believe that the latter set of values must be used in the Wheeler III calculus to arrive at an accurate damage award.
 
 IV
 
 11
 In Perkins v. Matthews, 400 U.S. 379, 386-87, 91 S.Ct. 431, 435-36, 27 L.Ed.2d 476 (1971), the Supreme Court stated that "in the interest of judicial economy, we shall not remand to the District Court for the making of a properly limited inquiry. The record is adequate to enable us to decide [the issue on appeal], and we shall, therefore, decide that question." In the instant case, the district court has already conducted a two-day trial on all the issues and a one-day hearing on damages alone. We consider the existing record sufficient to allow us to decide the amount of damages due to appellants without recourse to the district court to hold further proceedings.
 
 Wheeler III states:
 
 12
 In the case of a temporary regulatory taking, the landowner's loss takes the form of an injury to the property's potential for producing income or an expected profit. The landowner's compensable interest, therefore, is the return on the portion of fair market value that is lost as a result of the regulatory restriction. Accordingly, the landowner should be awarded the market rate return computed over the period of the temporary taking on the difference between the property's fair market value without the regulatory restriction and its fair market value with the restriction.
 
 
 13
 833 F.2d at 271 (citation omitted). The complex which appellants had the right to construct had an undisputed appraised fair market value of $2.3 million in 1978. R4-194, 278. After the City prohibited appellants from constructing apartments, appellants retained only the land, appraised at $200,000. R4-194. Experts at the damages hearing testified that the loan-to-value ratio was seventy-five percent in 1978, so that appellants would have held a twenty-five percent equity interest. R4-205, 238, 278. The investment on which appellants could have expected a return, then, was twenty-five percent of the project's value, or $575,000. After the City withdrew the permit, appellants held a twenty-five percent equity in the land, a value of $50,000. The difference in fair market value lost as a result of the regulatory restrictions was $525,000.
 
 
 14
 The City withdrew appellants' building permit on September 6, 1978. R1-1, Exh. A. The district court enjoined the City from enforcing Ordinance No. 216 against appellants on November 9, 1979. R1-40. The period of temporary taking spans fourteen months and three days. According to the experts, the market rate of return for that period was 9.77 percent. R4-203-05, 238. When we compute the return on $525,000 over fourteen months at 9.77 percent, we arrive at a figure of $59,841.23. This is the correct amount of damages sustained by appellants.[1] We therefore REVERSE the judgment of the district court and REMAND this case to the district court for an entry of damages against the City in the amount of $59,841.23 plus interest running from the date of entry of the injunction, costs and fees.
 
 
 
 *
 Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 [1]
 We need not decide the question of the apportioning of this amount between the Wheelers and Cliff Development as appellants informed us at oral argument that they have resolved the issue of allocation between themselves