[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14123
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-02681-TWT


EKATERINA SEVOSTIYANOVA,

Plaintiff-Appellant,

versus

COBB COUNTY OF GEORGIA,
OFFICER A. C. AYERS,
JOHN DOE I,
RICHARD CUNNINGHAM,
JOHN DOE, III, et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 13, 2014)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

We previously remanded Ekaterina Sevostiyanova's *pro se* 42 U.S.C. § 1983 malicious prosecution claim against Cobb County Police Officer Christopher Ayers for the district court to address the claim and make factual findings. On remand, Ayers moved for summary judgment, which the district court granted. Sevostiyanova again appeals and, after review, we affirm.

## I.

The underlying facts of the case are set out in our previous opinion, *Sevostiyanova v. Cobb County of Georgia.*, 484 F. App'x 355 (11th Cir. 2012) (unpublished) (*Sevostiyanova I*). In summary, as relevant to this appeal, Sevostiyanova was arrested and charged with driving without proof of insurance and for a hit-and-run accident. Although the insurance-related charge was dropped because Sevostiyanova had insurance at the time of the accident, she was convicted by a jury of the hit and run. Thereafter, Sevostiyanova filed a § 1983 complaint against multiple defendants. The district court granted summary judgment to all defendants on all other claims, but did not specifically discuss or make factual findings as to the malicious prosecution claim against Ayers. On appeal, we remanded for the district court to address the malicious prosecution claim. Ayers then renewed his motion for summary judgment, which the district court granted,

2

finding that Sevostiyanova failed to show damages because her underlying arrest was valid and supported by probable cause for the hit-and-run charge.

## II.

On appeal, Sevostiyanova argues that Officer Ayers improperly filed a renewed motion for summary judgment, contrary to our mandate in *Sevostiyanova I*, and that he should have been held in contempt for doing so.  She also challenges the entry of summary judgment itself.

### A. Contempt

We review the denial of a motion for civil contempt under the abuse of discretion standard.  *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000). The primary question in regards to the charge of civil contempt is whether the alleged contemnors have complied with the court's order.  *FTC v. Leshin*, 618 F.3d 1221, 1233 (11th Cir. 2010).[1]

Civil contempt issues generally do not arise when multiple decisions are rendered by courts in a particular case, and a litigant seeks to have a court disregard a prior ruling therein.  Instead, the law-of-the-case doctrine and the mandate rule apply.  *See Wheeler v. City of Pleasant Grove*, 746 F.2d 1437, 1440 (11th Cir. 1984).  Under the law-of-the-case doctrine, we, along with the district

---

[1] Although Sevostiyanova discusses both civil and criminal contempt, we need only address her civil contempt argument because her contention is that Officer Ayers and the district court failed to comply with our previous order.  *See Leshin*, 618 F.3d at 1233.

3

court, are generally bound by findings of fact and conclusions of law made by this court in a prior appeal of the same case. *Id.* The mandate rule, a specific application of the doctrine, provides that a district court is not free to deviate from the appellate court's mandate. *Id.* at 1440 n.2.

We conclude that the district court properly denied Sevostiyanova's motion to hold Ayers in contempt. Our opinion in *Sevostiyanova I* concluded only that Sevostiyanova had sufficiently alleged and preserved her malicious prosecution claim and that the district court had failed to rule on it. Nothing in *Sevostiyanova I* addressed the merits of the malicious prosecution claim. Neither the mandate rule nor the law-of-the-case doctrine limited Ayers's ability to renew his motion for summary judgment. Accordingly, there was no basis for holding Ayers in contempt.

## II.

We review the district court's grant or denial of summary judgment *de novo*, drawing all inferences and reviewing all of the evidence in the light most favorable to the non-moving party. *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). The moving party may prove that there are no genuine issues of material fact by demonstrating that the evidence is insufficient to support the essential elements of the claims. *Id. Pro se* pleadings are held to less stringent standards than those

drafted by lawyers, and thus, are entitled to liberal construction. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To establish a § 1983 malicious prosecution claim, the plaintiff must prove two things: (1) the elements of the common law tort of malicious prosecution; and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010). Under Georgia law, the elements of malicious prosecution include: "(1) prosecution for a criminal offense; (2) instigated without probable cause; (3) with malice; (4) under a valid warrant, accusation or summons; (5) which has terminated favorably to the plaintiff; and (6) has caused damage to the plaintiff." *Barnette v. Coastal Hematology & Oncology, P.C.*, 670 S.E.2d 217, 220 (Ga. Ct. App. 2008) (internal quotation marks omitted).[2]   "[I]t is well established that an arrest without probable cause is an unreasonable seizure that violates the Fourth Amendment." *Grider*, 618 F.3d at 1256.   Thus, "the existence of probable cause defeats a § 1983 malicious prosecution claim." *Id.*; *see also Holmes v. Achor Ctr.*, 531 S.E.2d 773, 775 (Ga. Ct. App. 2000) (explaining that the existence of probable cause is an absolute defense to a malicious prosecution claim).

---

[2]   This Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Grider*, 618 F.3d at 1256 (internal citation omitted).  "[A]lthough both state law and federal law help inform the elements of the common law tort of malicious prosecution, a Fourth Amendment malicious prosecution claim under § 1983 remains a federal constitutional claim, and its elements and whether they are met ultimately are controlled by federal law." *Id.*  (internal citation omitted).

We conclude that the district court properly granted summary judgment in this case. As we have explained, "when a crime under which the arrest is made and a crime for which probable cause exists are in some fashion related, then there is no question but that there is a valid arrest." *United States v. Atkinson*, 450 F.2d 835, 838 (5th Cir. 1971) (quoting *Mills v. Wainwright*, 415 F.2d 787, 790 (5th Cir. 1969).

Sevostiyanova was arrested for the hit and run and the insurance charge at the same time on the same warrant. In our previous opinion, we held that probable cause existed for the hit-and-run charge, *Sevostiyanova*, 484 F. App'x at 359, n.3, and under the law-of-the-case doctrine, the district court was bound by our previous determination, *Wheeler*, 746 F.2d at 1440. Thus, even if Ayers lacked probable cause to arrest and charge Sevostiyanova for no proof of insurance, the valid arrest and conviction on the hit-and-run charge precluded Sevostiyanova from establishing damage or harm arising from her arrest for the insurance-related charge.[3]

Because there was no genuine issue of material fact as to damages, Ayers was entitled to summary judgment on the malicious prosecution claim.

**AFFIRMED.**

---

[3]   Because Sevostiyanova's hit-and-run conviction has been affirmed, *Sevostiyanova v. State*, 722 S.E.2d 333 (Ga. Ct. App. 2012), she cannot attack the validity of that conviction in federal court. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).