Ronald O. PELLETIER, Plaintiff–
Appellee, Cross–Appellant,

v.

Gary D. ZWEIFEL, Defendant–
Appellant, Cross–Appellee.

No. 92–8630
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 18, 1993.

Robert E. Hicks, Hicks, Maloof & Campbell, A Professional Corp., Atlanta, GA, for defendant-appellant.

Herbert P. Schlanger, Atlanta, GA, for plaintiff-appellee.

Before TJOFLAT, Chief Judge, ANDERSON, Circuit Judge, and JOHNSON, Senior Circuit Judge.

PER CURIAM:

I.

In this appeal, Gary D. Zweifel seeks enforcement of the mandate we issued in *Pelletier v. Zweifel,* 921 F.2d 1465 (11th Cir.) (*Pelletier I*), *reh'g denied,* 931 F.2d 901 (11th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991). This panel affirmed the district court's dismissal, under Fed.R.Civ.P. 12(b)(6) and 56, of Ronald O. Pelletier's claims. *Id.* at 1495. [1] We reversed, however, the district court's decision denying Zweifel relief under Fed.

1. A detailed exposition of Pelletier's claims and the facts underpinning them may be found in *Pelletier I,* 921 F.2d at 1470–95.

R.Civ.P. 11,[2] concluding that monetary sanctions were in order. *Id.* at 1521–23. We did so because Pelletier's claims against Zweifel were utterly baseless. We explained that "all of the claims Pelletier made clearly fall below the standard of reasonableness required by Rule 11. While these claims were frivolous when made, they became even more so as discovery proceeded and it became apparent that Pelletier's own evidence contradicted his factual allegations...." *Id.* at 1521. We concluded that "Pelletier's complaint had no reasonable factual basis when pled and that Pelletier and [his lawyer, Herbert P.] Schlanger knew this. When they decided to pursue this action despite their knowledge that it was frivolous, they acted in bad faith...." *Id.* at 1515. We remanded the case to the district court, and directed the court

> to award Zweifel a sum of money [against both Pelletier and Schlanger, jointly and severally] that will compensate him for the attorney's fees, litigation expenses, and costs he incurred in defending this lawsuit in the district court and in prosecuting his motion for Rule 11 sanctions. Such award shall take into account any fees, expenses, and costs Zweifel may incur, on remand, in obtaining the award.

*Id.* at 1522.

Because Pelletier's appeal was also patently frivolous, we awarded Zweifel, under Fed.R.App.P. 38,[3] "double costs and a reasonable attorney's fee for opposing Pelletier's appeal." *Id.* at 1523. We directed the district court, on remand, to "determine the amount of that fee and give Zweifel judgment for the full amount thereof

against Pelletier and Schlanger, jointly and severally." *Id.*

At the hearing convened to implement *Pelletier I*'s mandate, Zweifel established that he incurred $282,837.96 in attorney's fees, litigation expenses, and costs in defending the case in the district court, and $18,318.50 on appeal. Pelletier and Schlanger did not challenge the reasonableness of these amounts. Instead, they argued that Zweifel was entitled to recover nothing because he had "incurred" no litigation expenses at all; rather, his insurance company had incurred and paid the expenses. Pelletier and Schlanger supported their argument with the following language (a portion of which we have quoted *supra*) from *Pelletier I*: "with respect to the amount of the sanction, we direct the district court, upon receipt of our mandate, to award Zweifel a sum of money that will compensate him for the attorney's fees, litigation expenses, and costs *he incurred* in defending this lawsuit in the district court...." *Id.* at 1515 (emphasis added).

This purely semantic argument convinced the district court, and it awarded Zweifel nothing for the litigation expenses that his insurance carrier expended on his behalf in the district court. The court felt that some sanction was warranted under Rule 11, however, and fined Pelletier $25,000 for his conduct at the trial level. Turning to our direction that it award Zweifel double costs and reasonable attorney's fees under Fed.R.App.P. 38, the district court awarded Zweifel $18,318.50 ($265.00 in double costs, and $18,053.50 in attorney's fees) against both Pelletier and Schlanger. Zweifel appeals, and asks us to enforce the *Pelletier I* mandate with respect to the Rule 11 sanctions; Pelletier and Schlanger

---

**2.** Rule 11 provides in relevant part:

  The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is *well grounded in fact* and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, *and that it is not interposed for any improper purpose, such as to harass* or to cause unnecessary delay or

needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction.... Fed.R.Civ.P. 11 (emphasis added).

**3.** Fed.R.App.P. 38 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

cross-appeal and ask us not to enforce the mandate in any respect because Zweifel has "incurred" no litigation expenses in this matter.

## II.

■ We have in this circuit a well-settled "mandate rule" obligating district courts to adhere closely to the dictates of our opinions. *See Barber v. International Bhd. of Boilermakers,* 841 F.2d 1067, 1070 (11th Cir.1988); *Litman v. Massachusetts Mut. Life Ins. Co.,* 825 F.2d 1506, 1511 (11th Cir.1987) (en banc), *cert. denied,* 484 U.S. 1006, 108 S.Ct. 700, 98 L.Ed.2d 652 (1988); *Piambino v. Bailey,* 757 F.2d 1112, 1119 (11th Cir.1985), *cert. denied,* 476 U.S. 1169, 106 S.Ct. 2889, 90 L.Ed.2d 976 (1986); *Wheeler v. City of Pleasant Grove,* 746 F.2d 1437, 1440 & n. 2 (11th Cir.1984); *Westbrook v. Zant,* 743 F.2d 764, 770 (11th Cir.1984); *Dorsey v. Continental Casualty Co.,* 730 F.2d 675, 678–79 (11th Cir.1984); *United States v. Williams,* 728 F.2d 1402, 1405–06 (11th Cir.1984); *Baumer v. United States,* 685 F.2d 1318, 1321 (11th Cir.1982).[4] This rule derives from the law of the case doctrine, *see Litman,* 825 F.2d at 1511; *Piambino,* 757 F.2d at 1120, and simply means that "a district court is not free to deviate from the appellate court's mandate." *Barber,* 841 F.2d at 1070 (quoting *Wheeler,* 746 F.2d at 1440 n. 2). An issue decided by an appellate court must be followed in all subsequent proceedings "unless the presentation of new evidence or an intervening change in the controlling law dictates a different result, or the appellate decision is clearly erroneous and, if implemented, would work a manifest injustice." *Piambino,* 757 F.2d at 1120.

We have outlined a district court's limited role on remand. A district court

> may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion, and the circumstances it embraces. Al-

though the trial court is free to address, as a matter of first impression, those issues not disposed of on appeal, it is bound to follow the appellate court's holdings, both expressed and implied.

*Id.* at 1119 (citations omitted).

■ Zweifel contends that the district court erred by refusing to follow our mandate that Rule 11 sanctions be imposed against Pelletier and Schlanger for their conduct before the district court. We agree.

We neither intended nor imagined that the district court, whether at Pelletier's and Schlanger's urging or on its own initiative, would meticulously parse our opinion, as they have done, to determine the meaning of our mandate. The plain language of our opinion indicates that we considered all of Pelletier's claims to be utterly baseless and that we intended Pelletier and Schlanger to pay all of the attorney's fees, litigation expenses, and costs incurred to defend against those claims in the district court. *See Pelletier I,* 921 F.2d at 1511, 1515, 1522, 1523. At the very least, the palpable "spirit of the mandate," *Piambino,* 757 F.2d at 1119, demands this result. The court's sole task on remand was to determine what the fees, expenses, and costs were. *See id.* 921 F.2d at 1522–23. In refusing to carry out this task, and, in deciding instead to fine Pelletier $25,000, the court abused the limited discretion that our mandate left to it. *See Barber,* 841 F.2d at 1070–71 (prohibiting a district court from addressing the issues to be resolved on remand on a novel theory).

It is of no moment that Zweifel purchased insurance to cover the expense of defending claims such as those that Pelletier brought against him. Pelletier and Schlanger are not entitled to "free" violations of Rule 11 because of Zweifel's prudence in investing in insurance coverage. Nor is it of any moment that Zweifel's insurance carrier has not been made a party in this appeal. Pelletier's and Schlanger's argument that Zweifel cannot recover what he may have to pay over to the insur-

---

**4.** All circuits have this rule. *See Litman,* 825 F.2d at 1511.

ance company in satisfaction of its subrogation rights is patently frivolous.

In sum, because Pelletier and Schlanger do not dispute that Zweifel's defense in the district court cost $282,837.96 in attorney's fees, litigation expenses, and court costs, there is no reason for further consideration of this matter in the district court. All that remains is the entry of judgment. Accordingly, we direct the district court, upon receipt of our mandate, to enter judgment forthwith for Gary D. Zweifel against Ronald O. Pelletier and Herbert P. Schlanger, jointly and severally, in the amount of $301,156.46 plus interest from April 10, 1991, the date the *Pelletier I* mandate issued.[5]

IT IS SO ORDERED.

---

**5.** We note that on March 26, 1992, the district court entered judgment for Zweifel against Pelletier and Schlanger, jointly and severally, in the sum of $43,318.50. That amount is made up of the fine, $25,000, the district court imposed against Pelletier and Schlanger under Fed. R.Civ.P. 11 and the double costs and attorney's fees, $18,318.50, we directed the court to enter under Fed.R.App.P. 38. For the reasons stated in this opinion, that judgment, to the extent it included the fine, was erroneously entered. We therefore direct the district court to vacate that judgment, noting that the portion representing the Fed.R.App.P. 38 relief will be included in the judgment to be entered pursuant to this mandate.