[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14573

_____

D. C. Docket No. 99-00002-CV-D-N

BRIAN M. CAMPBELL, and all
others similarly situated,

Plaintiff-Appellant,

CHRISTOPHER C. SHAW, and
all others similarly situated,

Plaintiff,

versus

CIVIL AIR PATROL,

Defendant-Appellee,

PAUL J. ALBANO, SR., individually
and in his official capacity as
Executive Director of Civil Air
Patrol, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(June 21, 2005)**

Before BLACK and HULL, Circuit Judges, and O'KELLEY[*], District Judge.

PER CURIAM:

This employment discrimination case is before this Court for the second time. On the previous occasion, this Court vacated judgment for the defendants on plaintiff Campbell's Title VII retaliation claim because the evidence at trial was insufficient to support the defendants' affirmative defense. On remand, the district court reinstated judgment for the defendants. After review and oral argument, we reverse the district court's judgment for the defendants and remand to the district court with instructions to conduct a new trial on plaintiff Campbell's Title VII retaliation claim.

## I. BACKGROUND

### A.    Prior Appeal

After they were fired, plaintiffs Brian M. Campbell and Christopher Shaw sued their former employer, the Civil Air Patrol (CAP), and various of its employees (collectively the "defendants"), alleging numerous violations of federal law. Plaintiff Campbell also brought a Title VII retaliation claim, alleging that he was fired in retaliation for his engagement in protected conduct under 42 U.S.C. § 2000e-3(a).

---

[*]Honorable William C. O'Kelley, United States District Judge for the Northern District of Georgia, sitting by designation.

On February 13, 2001, the district court granted summary judgment to the defendants on all claims other than Campbell's Title VII retaliation claim. This claim proceeded to trial.

At trial, the defendants attempted to prove a "mixed-motive" affirmative defense under the Supreme Court's decision in Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S. Ct. 1775 (1989). Specifically, the defendants argued that even if Campbell's firing was motivated in part by the impermissible motive of retaliation, the defendants were still not liable because Campbell would have been fired even absent such an impermissible motive. See id., 490 U.S. at 258, 190 S. Ct. at 1795.

The jury returned a special verdict form, finding: (1) that Campbell had engaged in protected activity; (2) that such activity was a motivating factor in the defendants' decision to fire him; and (3) that the defendants would have made the same firing decision even absent the impermissible motive. As a result of this verdict, the defendants prevailed based upon Price Waterhouse, and the district court entered final judgment for the defendants on Campbell's Title VII retaliation claim. As noted above, the district court had already entered summary judgment on all other claims.

The plaintiffs appealed. On May 15, 2003, this Court affirmed the district court's grant of summary judgment on all of the plaintiffs' original claims except

Campbell's Title VII retaliation claim.  Campbell v. Civil Air Patrol, No. 02-15117 (11th Cir. May 15, 2003).  As to Campbell's retaliation claim, this Court concluded that the evidence presented at trial was "insufficient . . . to establish that Campbell was in fact fired for [any legitimate reason]."  Id.  Instead, this Court concluded that the legitimate reason offered by the defendants to show that Campbell would have been fired absent the impermissible motive was constructed "after-the-fact." In doing so, we determined that "[t]here is no evidence in the record that . . . at the time of the decision to terminate Campbell, [the defendants were] motivated to do so [for a legitimate reason]."  Id.  Because such "after-the-fact" motivations are insufficient as a matter of law to support a Price Waterhouse affirmative defense, we concluded that "[t]he judgment on [Campbell's retaliation claim] is therefore reversed and that count is remanded for further proceedings not inconsistent with this decision."  Id.  We thus concluded that the judgment for the defendants on Campbell's Title VII retaliation claim was "VACATED and REMANDED for further proceedings."  Id.

Before discussing what happened on remand in the district court, we point out additional matters referenced in the prior appeal.  With respect to Campbell's Title VII retaliation claim, the defendants' initial brief in the first appeal contained a Section III.B, which emphasized the plaintiff's failure to make certain required

-4-

motions in the district court, such as a motion for judgment as a matter of law or directed verdict [Rule 50], or for a new trial [Rule 59], as follows:

> **Scope of Review[;] Jury Verdict**
> Because Plaintiff Campbell did not move for judgment as a matter of law after either the close of Plaintiff's evidence or the close of all evidence, or move for a directed verdict or a new trial, the scope of review of the jury's verdict 'is exceedingly confined, being limited to whether there was **any evidence** to support the jury's verdict, irrespective of its sufficiency . . .'. [cit.].

Later in their initial brief, the defendants reiterated this argument, stating that "[t]he scope of this Court's review of the jury verdict is exceedingly confined, being limited to whether there was any evidence to support the jury's verdict, irrespective of sufficiency . . . , because Plaintiff Campbell failed to make certain motions at or after trial regarding the sufficiency of the evidence." (quotation marks and citation omitted).

Further, after this Court vacated judgment for the defendants, the defendants petitioned this Court for rehearing. In their petition, the defendants again referenced the plaintiff's failure to make certain motions in the district court. Specifically, the defendants' petition outlines the plaintiff's failure to file certain motions under Rule 50 for judgment as a matter of law and under Rule 59 for a new trial, and the impact of this failure, as follows:

> As noted in Appellee/Defendant's principal brief, Plaintiff's failure to file a Federal Rule of Civil Procedure Rule 50 motion for judgment as

a matter of law or a Federal Rule of Civil Procedure Rule 59 motion for a new trial severely limits this Court's review of the sufficiency of the evidence – the only issue remaining in this appeal. . . . Absent a Rule 50 motion, the court can disturb the jury's verdict only if the error is so obvious that the failure to notice it would seriously affect the fairness or integrity of the judicial proceeding. . . . If there is any evidence to support the verdict, regardless of its sufficiency, the court must affirm the judgment on the jury verdict.

(Quotation marks and citations omitted.)

Thus, in the prior appeal, the defendants expressly addressed the plaintiff's failure to make certain motions under Rules 50 and 59.

## B.    Remand in District Court

When the case returned to the district court, the plaintiff requested a trial on damages only. The defendants responded that the plaintiff was not entitled to judgment as to liability and a trial limited to damages because the plaintiff had failed to make the required motions for judgment as a matter of law under Rule 50. In addition, defendants argued that the plaintiff waived his right to a new trial by failing to timely file a Rule 59 motion. Alternatively, the defendants argued that any new trial on remand should address both liability and damages anew.

Despite this Court's determination that as a matter of law the defendants were not entitled to judgment, the district court on remand did not conduct a new trial on Campbell's Title VII retaliation claim as to either liability or damages. Rather, the district court entered an order reinstating judgment for the defendants

as a matter of law. The district court based this decision on Campbell's failure to make certain motions for (1) judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure, and (2) a new trial under Rule 59.[1] According to the district court, because Campbell had failed to file these motions for relief under the Federal Rules of Civil Procedure, the district court was powerless to grant any relief to the plaintiff at all. The district court felt that its hands were tied and that it had no option but to reinstate judgment for the defendants as a matter of law.

As discussed in more detail later, the district court on remand did not take into account that any alleged failure by Campbell to file these motions occurred prior to the first appeal and that this Court itself had already granted the plaintiff relief from the judgment in favor of the defendants.

Plaintiff Campbell now appeals arguing that the district court's entering judgment as a matter of law for the defendants on remand violated this Court's mandate, and the law of the case doctrine. For the reasons outlined below, we agree.

## II. DISCUSSION

It is well settled that "a district court is not free to deviate from the appellate

---

[1] In addition, the district court sua sponte considered relief under Rule 60(b), and determined that Campbell was entitled to no relief because the Rule's one-year time limitation had expired.

court's mandate." Wheeler v. City of Pleasant Grove, 746 F.2d 1437, 1440 n.2 (11th Cir. 1984) (citations omitted); see also Pelletier v. Zweifel, 987 F.2d 716, 718 (11th Cir. 1993); Barber v. Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, and Helpers, Dist. Lodge #57, 841 F.2d 1067, 1070 (11th Cir. 1988). The trial court must strictly comply, "implement[ing] both the letter and the spirit of the mandate taking into account the appellate court's opinion, and the circumstances it embraces." Piambino v. Bailey, 757 F.2d 1112, 1119 (11th Cir. 1985) (internal citations omitted); see also United States v. Mesa, 247 F.3d 1165, 1170 (11th Cir. 2001). In addition, although on remand the district court may address issues "not disposed of on appeal, it is bound to follow the appellate court's holdings, both expressed and implied." Piambino, 757 F.2d at 1119 (internal citations omitted).

In this case, this Court's prior opinion made clear that, as a matter of law, the defendants were not entitled to judgment based upon the evidence at trial. Further, this Court vacated that judgment and thereby granted the plaintiff relief from that judgment. Thus, the district court's grant of judgment to the defendants was inconsistent with our mandate.

We recognize that on remand, the district court concluded that judgment for the defendants as a matter of law was appropriate because "the procedural

underpinnings in this case . . . preclude the district court from granting Campbell a remedy." As noted above, the district court based this conclusion on Campbell's failure to file certain motions under Rule 50 and 59.

At oral argument in this second appeal, counsel for the defendants claimed that these issues were not raised in the first appeal, had not been ruled upon by this Court, and thus were properly decided by the district court on remand. While we have doubts about this proposition, the result here does not change in either event. We explain why the issues were arguably raised and necessarily decided. Alternatively, even if the issues were not raised, we explain why the result does not change.

As discussed earlier, the defendants in the prior appeal repeatedly emphasized to this Court the plaintiff's failure to file motions under Rules 50 and 59. While the defendants did claim only that the result of the plaintiff's failure to file these motions was to limit our scope of review, the defendants nonetheless raised the issue of plaintiff's failure to file these same motions and what impact that had on the plaintiff's appeal of the judgment for the defendants. Thus, the issue of the plaintiff's failure to file this motions was necessarily decided by this Court's decision, at least implicitly. The disposition of these issues was thus included in this Court's mandate and could not be revisited by the district court.

See e.g., <u>Piambino</u>, 757 F.2d at 1121-22 (concluding that district court violated the mandate rule, and stating that "[a]lthough our opinion did not explicitly address [certain] procedural requirements . . ., its command . . . necessarily implied that any procedural noncompliance . . . was inconsequential") (citations omitted).

In the alternative, if the argument that the plaintiff's failure to file the required motions was not sufficient to raise the remedy impact based on that failure, and thus this remedy impact was not raised by the defendants in the first appeal, it clearly <u>could have been raised</u> in the prior appeal as an alternative basis for affirming the judgment for the defendants.[2]  Indeed, in the first appeal, the defendants argued extensively regarding the plaintiff's alleged failure to make certain motions, and the impact that failure had on the judgment for the defendants. Specifically, in the first appeal, the defendants argued that the plaintiff's failure narrowed the scope of review and required us to affirm the jury verdict for the defendants.  Now, in the second appeal, the defendants argue that the very same failure by the plaintiff has an additional impact that entitles the defendants to judgment as a matter of law.

Allowing the defendants to modify an argument clearly available to them in the earlier appeal would lead to numerous appeals as parties each time offer a new

---

[2]At oral argument, defense counsel conceded, as he must, that the defendants could have raised all of these issues in the first appeal.

gloss on a prior argument, or an alternative basis for judgment in their favor. As we have stated before, "[w]e cannot try cases piecemeal simply because after a [remand] and in writing a brief on a second appeal, the attorneys generate an idea they should have advanced . . . on the first appeal." United States v. Fiallo-Jacome, 874 F.2d 1479, 1482 (11th Cir. 1989) (quoting Martin v. Atl. Coast Line R.R. Co., 289 F.2d 414, 416 (5th Cir.1961)); see also McFarlin v. Conseco Services, LLC, 381 F.3d 1251, 1256-57 (11th Cir. 2004) (noting judicial system's strong interest in avoiding "piecemeal appeals").

In sum, either the issues raised on remand were decided by this Court in its first opinion or were waived by the defendants on appeal, and thus were not available in the district court on remand. In either event, it was error for the district court to revisit the plaintiff's failure to file motions under Rules 50 and 59 and to grant judgment to defendants in violation of this Court's mandate.

Therefore, we again vacate the entry of judgment for the defendants and remand this case to the district court with instructions to conduct a new trial as to both liability and damages on Campbell's Title VII retaliation claim.[3]

---

[3]We recognize that plaintiff Campbell also contends that the district court on remand erred by denying the plaintiff's request for judgment as to liability as a matter of law, and a new trial limited to the amount of damages. We disagree for several reasons. First, in the prior appeal, plaintiff's brief, dated December 26, 2002, expressly requested that this Court vacate the judgment entered for the defendants and remand this case to the district court "for a trial on all counts." Plaintiff did not ask this Court for the additional bifurcated relief of entry of judgment for the plaintiff as a matter of law as to liability based on the jury's findings and a trial as to only

-11-

**VACATED, REVERSED and REMANDED.**

---

damages. Thus, as with the defendants, plaintiff waived issues that could have been raised in the prior appeal but were not.

Second, to the extent plaintiff contends that his alternative request in his December 26, 2002 brief for "other, further and different relief as to which Appellant[] may be entitled" somehow encompassed an implied request for judgment <u>for the plaintiff</u> as a matter of law as to liability and a trial as to damages and sufficiently raised the issue, we reject that contention.

Third, in any event, the trial evidence as to liability and damages overlapped and was extensively intertwined.  Further, the defendants' closing argument as to liability relied heavily (if not exclusively) on their affirmative defense and given this Court's prior rejection of that defense as a matter or law, the defendants are entitled to a new trial on both liability and damages regarding the plaintiff's Title VII retaliation claim, and an opportunity to present and advocate its position and other defenses, if any.