[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15193
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cr-80165-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANES JOSEPH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 24, 2014)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Following a remand for resentencing, Anes Joseph appeals his total 63-month sentence for offenses related to a conspiracy to smuggle firearms from the United States into Haiti.  After review, we affirm.

## I.  BACKGROUND FACTS

### A.    Trial and Sentence

In a five-count superseding indictment, Joseph was charged with conspiring to buy and illegally transport firearms from the United States to Haiti, in violation of 18 U.S.C. § 371 (Count 1); unlawfully transporting firearms, in violation of 18 U.S.C. §§ 922(e), 924(a)(1)(D) (Count 2); attempting to transport firearms to a person residing outside the same state, in violation of 18 U.S.C. § 922(a)(5) (Count 3); providing false and fictitious information to a federally licensed firearms dealer in relation to the acquisition of firearms, in violation of 18 U.S.C. § 922(a)(6) (Count 4); and attempting to export firearms from the United States to Haiti (Count 5), violation of 18 U.S.C. § 554(a).

After a jury trial, Joseph was found guilty on all counts.  The district court imposed a total 63-month sentence, consisting of 60-month sentences on Counts 1, 2, and 3, and 63-month sentences on Counts 4 and 5, all to be served concurrently.

### B.    First Appeal and Remand

In Joseph's first appeal, this Court affirmed Joseph's convictions and sentences on Counts 1, 2, 4, and 5.  As to Count 3, the Court vacated Joseph's conviction and 60-month concurrent sentence because Count 3 failed to allege a federal offense under 18 U.S.C. § 922(a)(5).  See United States v. Joseph, 530 F. App'x 911, 917 (11th Cir. 2013).[1]

The Court rejected several sentencing arguments raised by Joseph.  The Court concluded, inter alia, that: (1) the district court had properly denied Joseph's request for a minor-role reduction; and (2) Joseph's 63-months sentence, "imposed at the lowest end of the guidelines range, was procedurally and substantively reasonable."  Id. at 927-28.  This Court specified that "even without Count 3, [it could not] say that Joseph's 63-month total sentence . . . was unreasonable."  Id. at 928.

This Court remanded "for the district court to enter a corrected judgment." Id.  In so doing, we noted that a new sentencing hearing was not required, as follows:

> As shown by the calculations above, Count 3 did not affect Joseph's guidelines calculations, and Joseph was given a reasonable sentence at the low end of the guidelines range.  Thus, we do not require the district court to hold a new sentencing hearing.  See, e.g., United States v. McGarity, 669 F.3d 1218, 1270-71 (11th Cir. 2012)

---

[1]The Court agreed with the parties that Count 3 of Joseph's indictment alleged an attempt to transfer firearms to an out-of-state resident, but that § 922(a)(5) prohibits only a completed, and not an attempted, offense, and the indictment did not rely on any other federal statute prohibiting an attempt.  Joseph, 530 F. App'x at 917-18.

(vacating convictions and sentences on some counts of the defendants' indictment, without requiring the district court to resentence those defendants). However, the district court does retain the discretion to have an additional sentencing hearing if it concludes the vacatur of Count 3 affects in any way its sentencing decision on the other counts.

Id. at 928 n.10.

## C.    Amended Judgment on Remand

On remand, the district court entered an amended judgment without requesting a new presentence investigation report ("PSI") or holding a hearing. The amended judgment states that Joseph was found not guilty on Count 3. The district court re-imposed a total prison term of 63 months, consisting of 60-month sentences for Counts 1 and 2, and 63-month sentences for Counts 4 and 5, all to be served concurrently.

## II.  DISCUSSION

On appeal, Joseph contends the district court abused its discretion and violated Joseph's due process rights by amending the judgment without ordering a new PSI and holding a resentencing hearing. We disagree.[2]

Although both the due process clause and Federal Rule of Criminal Procedure 43(a)(3) give the defendant the right to be present at sentencing, that

---

[2]We review de novo the district court's compliance with this Court's mandate from a previous appeal. United States v. Amedeo, 487 F.3d 823, 829 (11th Cir. 2007). We review for an abuse of discretion the district court's exercise of the limited discretion left to it by our mandate. Pelletier v. Zweifel, 987 F.2d 716, 718 (11th Cir. 1993). "We review for harmless error claims that a defendant was entitled to be present at various stages of a criminal proceeding." United States v. Parrish, 427 F.3d 1345, 1346-47 (11th Cir. 2005).

right does not extend to every instance of judicial action modifying a sentence. See United States v. Parrish, 427 F.3d 1345, 1348 (11th Cir. 2005). Here, this Court did not vacate the entire sentencing package on direct appeal, but instead issued only a limited remand; Joseph's 63-months sentence re-imposed on remand was not more onerous. Given the particular circumstances here, Joseph was not entitled to be present and allocute at a resentencing hearing. See United States v. Tamayo, 80 F.3d 1514, 1522 (11th Cir. 1996) (concluding the district court did not plainly err in not giving the defendant an opportunity to allocute because the defendant's entire sentencing package was not vacated on direct appeal and remand was limited to consideration of a single sentencing issue); United States v. Jackson, 923 F.2d 1494, 1497 (11th Cir. 1991) ("[W]here the entire sentencing package has not been set aside, a correction of an illegal sentence [under Federal Rule of Criminal Procedure 35] does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous."); see also United States v. Taylor, 11 F.3d 149, 151-52 (11th Cir. 1994) (relying upon Jackson to conclude the defendant was entitled to allocute at resentencing because district court granted the defendant's 28 U.S.C. § 2255 motion, vacated the defendant's sentence in its entirety, and held a resentencing hearing).

In this case, this Court vacated only Joseph's Count 3 conviction and sentence and did not vacate his entire sentencing package. Further, the Court's remand was limited to "enter[ing] a corrected judgment." The Court's limited mandate did not require the district court to hold a resentencing hearing. Rather, the Court's remand gave the district court the discretion to hold a hearing if it concluded that the vacatur of Count 3 affected its sentencing decision on the other counts. Stated another way, if the district court concluded that the vacatur of Count 3 had no effect on its sentencing decisions as to Joseph's other counts, the court would not hold a resentencing hearing. Consistent with this Court's mandate, the district court, after concluding that the vacatur of Count 3 did not undermine its sentencing determinations on the remaining counts, imposed the same sentence without holding a hearing. Joseph was not required to be present at a resentencing hearing before the district court could amend the judgment and re-impose the same sentence.

Joseph contends that: (1) the district court originally considered Joseph's conduct in Count 3 in denying his request for a minor-role reduction; (2) this Court vacated Count 3; and (3) thus, the district court was required hold a hearing and reconsider Joseph's minor-role request. This argument ignores the fact that, in Joseph's first appeal, this Court affirmed the district court's denial of Joseph's request for a minor-role reduction and stated that "Count 3 did not affect Joseph's

6

guidelines calculations." Joseph, 530 F. App'x at 929 n.10.  Accordingly, the mandate rule and the law-of-the-case doctrine precluded the district court from revisiting, and Joseph from relitigating, the issue of Joseph's role on remand.  See United States v. Jordan, 429 F.3d 1032, 1035 (11th Cir. 2005) (explaining the doctrine of the law of the case precludes a party from relitigating issues decided in an earlier appeal of the same case); Tamayo, 80 F.3d at 1519-20 (explaining that, under the mandate rule, which is an application of the law-of-the-case doctrine, a district court can only "settle so much as has been remanded," and cannot address sentencing issues already decided in the first appeal (quotation marks omitted)).[3]

We also reject Joseph's argument that a new PSI and sentencing hearing were required under Pepper v. United States, 562 U.S. ___, 131 S. Ct. 1229 (2011), so he could present evidence of his post-sentencing rehabilitation.  In Pepper, the Supreme Court concluded that, "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing," the court may consider evidence of post-sentencing rehabilitation.  Pepper, 131 S. Ct. at 1241.  The Supreme Court stressed, however, that the appellate court had "set aside Pepper's entire sentence and remanded for a de novo resentencing," id. at 1251, and that its decision did not

---

[3]For the same reasons, we are barred from considering Joseph's argument in this second appeal that his re-imposed 63-month sentence is substantively unreasonable.  A panel of this Court already decided that, even without Count 3, Joseph's total 63-month sentence is reasonable.  See Joseph, 530 F. App'x at 928.  We are bound by that earlier determination.  See United States v. Escobar-Urrego, 110 F.3d 1556, 1561 (11th Cir. 1997) (stating that the determination of a legal issue establishes the "law of the case and must be followed . . . on a later appeal in the appellate court" (quotation marks omitted)).

"preclude courts of appeals from issuing limited remand orders, in appropriate cases, that may render evidence of postsentencing rehabilitation irrelevant in light of the narrow purposes of the remand proceeding," id. at 1249 n.17.  Here, given the narrow scope of this Court's limited remand, nothing in Pepper required the district court to order a new PSI and hold a resentencing hearing so Joseph could introduce rehabilitation evidence.

For these reasons, the district court's decision on remand to amend the judgment and re-impose the same total 63-month sentence without ordering a new PSI and holding a resentencing hearing was not an abuse of the limited discretion our mandate conferred upon it and did not violate Joseph's due process rights.

**AFFIRMED.**