[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16513
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-02271-CV-TWT-1

AVERY LAMAR MILLER,

                                             Plaintiff-Appellant,

                    versus

R.L. CONWAY,
Sheriff,
FERGUSON,
Lieutenant Deputy,
E. MCKENZIE,
Deputy,
J. LAND,
Deputy,
H. BREITINGER,
Deputy,

                                             Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 3, 2009)

Before DUBINA, Chief Judge, TJOFLAT and PRYOR, Circuit Judges.

PER CURIAM:

Avery Lamar Miller, a pretrial detainee, appeals pro se the dismissal of his complaint against R.L. Conway, FNU Ferguson, E. McKenzie, and H. Breitinger of the Sheriff's Department of Gwinnett County. See 42 U.S.C. § 1983; 28 U.S.C. § 1915A(b)(1). The district court concluded that Miller's complaint failed to state a claim. 28 U.S.C. § 1915A(b). We affirm in part, vacate in part, and remand.

"We generally review the denial of a motion to amend a complaint for an abuse of discretion, but we review questions of law de novo." Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1291 (11th Cir. 2007) (citations omitted). We review de novo a dismissal under Rule 12(b)(6) for failure to state a claim, accept the allegations in the complaint as true, and construe them in the light most favorable to the plaintiff. Doe v. Moore, 410 F.3d 1337, 1342 (11th Cir. 2005).

The district court erred when it denied as futile Miller's motion to amend his complaint to include additional defendants. "A party may amend its pleading once as a matter of course before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1). Because none of the police officers named in the complaint had filed a responsive pleading when Miller sought to amend his complaint, Miller had the right to amend his complaint as a matter of course. See Williams, 477 F.3d at 1292 & n.6. We vacate the order that denied Miller's motion to amend and remand for the district court to allow Miller to file an amended complaint.

The district court also erred when it dismissed Miller's claim about the "no talking" rule. "Due process prohibits a state from punishing a pretrial detainee at all until he is lawfully convicted of a crime." McMillan v. Johnson, 88 F.3d 1554, 1564 (11th Cir. 1996). "[A] showing of intent to punish suffices to show unconstitutional pretrial punishment" and "may be inferred when a condition of pretrial detention is not reasonably related to a legitimate governmental goal." Id. Because Miller alleged that the "no talking" rule was arbitrary and capricious, he stated a claim that the rule was imposed to punish him.

The district court did not err when it dismissed the remainder of Miller's complaint. Miller asserts that Breitinger made "horrific threats" to another inmate, but Miller lacks standing to pursue a claim on behalf of another person. See

3

Granite State Outdoor Adver., Inc. v. City of Clearwater, Fla., 351 F.3d 1112, 1116 (11th Cir. 2003). Miller argues that an officer retaliated against him for exercising his right to free speech, but he failed to allege facts that Conway, Ferguson, McKenzie, and Breitinger participated in the retaliation. See Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008).

We **AFFIRM** the dismissal of Miller's complaint except his claim regarding the "no talking" rule and we **REVERSE** the dismissal of that claim. We **VACATE** the order that denied Miller's motion to amend and **REMAND** for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART. VACATED AND REMANDED IN PART.**