[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2011
JOHN LEY
CLERK

_____

No. 10-15618
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cv-02271-TWT

AVERY LAMAR MILLER,

Plaintiff - Appellant,

versus

R.L. CONWAY,
Sheriff,
FERGURSON,
Lieutenant Deputy,

Defendants - Appellees,

E. MCKENZIE,
Deputy, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 15, 2011)

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

This appeal is the second occasion that we have reviewed the dismissal of the complaint of Avery Lamar Miller that officials of the Sheriff's Department of Gwinnett County violated his civil rights. 42 U.S.C. § 1983. In the first appeal, this Court vacated an order denying Miller's request to amend his complaint to include additional defendants and reversed the dismissal of Miller's claim about a "no talking" rule, but we affirmed the dismissal of Miller's claim about retaliation and "the remainder of Miller's complaint." Miller v. Conway, No. 08-16513 (11th Cir. June 3, 2009). On remand, the district court allowed Miller to amend his complaint to add claims against District Attorney Daniel Porter and Deputy Captain Alan Craig, but the district court dismissed those claims for failure to state a claim. The district court also granted summary judgment against Miller's claim that Deputy Sheriff R.L. Conway and FNU Fergurson had been liable as supervisors for the "no talking" rule imposed by a third officer. To determine the status of his claim of retaliation against Deputy Sheriff J. Land, Miller filed a motion for clarification. The district court explained that it had "dismissed [Miller's] retaliation claim against Land" and, because "the Eleventh Circuit [had] affirmed the dismissal of [the] complaint on all claims except the no-talking rule

2

claim," Miller's "retaliation claim against Land was, and remains, dismissed." Miller now appeals the dismissal of his claims against Land and Craig. We affirm.

We read Miller's brief to challenge two rulings of the district court, but both of his arguments fail. First, Miller erroneously argues that the district court misinterpreted our previous decision. This Court affirmed the dismissal of Miller's claims about retaliation by Land, Miller, No. 08-16513, slip op. at 2–3, and under the law of the case doctrine, Miller is barred from relitigating our holding unless "'(1) a subsequent trial . . . produce[d] substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to [his claim], or (3) the prior decision was clearly erroneous and would work manifest injustice.'" Joshi v. Fla. State Univ. Health Ctr., 763 F.2d 1227, 1231 (11th Cir. 1985) (quoting Wheeler v. City of Pleasant Grove, 746 F.2d 1437, 1440 (11th Cir. 1984)). Miller does not argue that any of these exceptions apply. Second, Miller challenges the dismissal of his claim that Craig offered and then failed to advise Miller about the investigation of Land's alleged retaliation, but Miller failed to "allege a specific federal right violated by" Craig. Doe v. Sch. Bd. of Broward Cnty., Fla., 604 F.3d 1248, 1265 (11th Cir. 2010). Miller also argues, for the first time on appeal, that Craig is subject to supervisory liability for deliberately disregarding Land's alleged retaliation, but we will not consider a

theory of liability never presented to the district court.  See <u>Access Now, Inc. v.</u>

<u>Sw. Airlines Co.</u>, 385 F.3d 1324, 1331 (11th Cir. 2004).

The dismissal of Miller's complaint is **AFFIRMED**.